UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DESMOND JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> JILL SAVARD, <br><br> Defendant. | CAUSE NO.: 2:20-CV-435-TLS-JEM |

**OPINION AND ORDER**

Desmond Johnson, a Plaintiff proceeding without counsel, filed a Complaint [ECF No. 1] against Defendant Jill Savard on November 30, 2020, alleging an employment discrimination claim under the Americans with Disabilities Act (ADA). He also filed a Motion to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Plaintiff is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Motion to Proceed In Forma Pauperis. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28

U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

As an initial matter, the Court addresses the issue of venue. Pursuant to 28 U.S.C. § 1406, when "a case laying venue in the wrong division or district" is filed, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Cases brought under the ADA are subject to Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3). *See* 42 U.S.C § 12117. Thus, ADA actions

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). It is not clear from the Complaint that venue is proper in the Northern District of Indiana under this standard. The Complaint lists the Plaintiff's address in Gary, Indiana, but lists the Defendant's address in Baton Rouge, Louisana. *See* Compl. 1, ECF No. 1. There are no allegations in the Complaint indicating where the alleged discriminatory actions took place, where the relevant employment records are maintained and administered, or where the Plaintiff would have worked but for the alleged discrimination. Although the Complaint indicates that the Plaintiff attached his Charge of Discrimination form and the Notice of Right to Sue letter—documents that may provide information relevant to venue, no attachments were

2

filed with the Complaint. *See* Compl. 3. For the reasons set forth below, the Complaint is being dismissed without prejudice for failure to state a claim, but the Plaintiff will be given leave to file an amended complaint. Any amended complaint must contain information sufficient to show that venue is proper in this Court.

The Court now turns to the in forma pauperis inquiry. An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's motion establishes that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed in forma pauperis, the Court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendant and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court

accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In his Complaint, the Plaintiff alleges an employment discrimination claim under the ADA. The only named Defendant is "Jill Savard." As the ADA only provides relief for employer liability, supervisors cannot be held liable in their individual capacities under the ADA because they are not considered employers under the Act. *See Girten v. Town of Schererville*, 819 F. Supp. 2d 786, 804 (N.D. Ind. 2011) (citing *Silk v. City of Chicago,* 194 F.3d 788, 797 n.5 (7th Cir. 1999)). Therefore, the Plaintiff's ADA claim cannot proceed against the Defendant Jill Savard, and the Complaint fails to state a claim.

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until January 7, 2021, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion. Along with an amended complaint, the Plaintiff must also file a new Motion to Proceed In Forma Pauperis. If the Plaintiff does not file an amended complaint by January 7, 2021, the Court will direct the Clerk of Court to close this case.

## CONCLUSION

Based on the foregoing, the Court DENIES the Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES without prejudice the Complaint [ECF No. 1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff is granted up to and including January 7, 2021, to file an amended complaint as well as either a new Motion to Proceed In Forma Pauperis or the filing

fee. The Plaintiff is cautioned that, if he does not respond by the January 7, 2021 deadline, the Court will direct the Clerk of Court to close this case without further notice.

    SO ORDERED on December 4, 2020.

                                       s/ Theresa L. Springmann
                                       JUDGE THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT